BEFORE THE THIRD DIVISION, OCTOBER 19, 1961

No. 66162.—The Porto Rico Lighterage Company *v.* United States, protest 60/13934 (San Juan).

JOHNSON, Judge: This is a protest against the collector's assessment of duty on repair parts, materials, and cost of repairs to the American tugboat "John E. Berwind" at Curacao, Netherlands Antilles, in October 1956, under section 466 of the Tariff Act of 1930. It is claimed that these items are not subject to duty on the ground that the vessel was compelled by reason of casualties to put into a foreign port to make repairs in order to secure its safety and seaworthiness.

Said section 466 provides:

SEC. 466.  EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114.  The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; * * *.

"SEC. 3115.  If the owner or master of such vessel furnishes good and sufficient evidence—

"(1)  That such vessel, while in the regular course of her voyage, was compelled, by stress of weather or other casualty, to put into such foreign port and purchase such equipments, or make such repairs, to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination; * * *

\*          \*          \*          \*          \*          \*          \*

then the Secretary of the Treasury is authorized to remit or refund such duties, * * *."

It appears from the entry and the documents attached thereto, which were received in evidence as plaintiff's collective exhibit 1, that, after entry was made, a request for remission of duty was filed with the collector and that the application and the documents accompanying the entry were transmitted by the collector to the Commissioner of Customs, in accordance with section 4.14(j) of the Customs Regulations.

On June 28, 1957, the Chief of the Division of Classification and Drawbacks advised the collector that certain items were not repairs and were not dutiable, but that the remaining items were subject to duty. It was stated that, on the basis of the evidence furnished, the Bureau of Customs was not satisfied that the repairs were made necessary because of stress of weather or other casualty. Duty was assessed by the collector accordingly.

When this case was called for trial, counsel for the Government moved to dismiss the protest on the ground that the court had no jurisdiction of the subject matter, citing *American Viking Corp. et al.* v. *United States*, 37 Cust.

Ct. 237, C.D. 1830. The motion was taken under advisement, and the importer proceeded to present testimony on the merits of the case.

In the case cited, we held that this court has no jurisdiction to review the action of the Secretary of the Treasury or his duly empowered representative, refusing to remit or refund a customs duty assessed under section 466 of the Tariff Act of 1930 on the cost of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in foreign trade. It was also held that, under 5 U.S.C., section 281b, the Secretary had authority to delegate his power to the Chief of the Division of Classification and Entry and that a collector's decision refusing to remit or refund duties assessed under section 466, made under valid authority, is not subject to protest.

In its brief, the plaintiff herein concedes that the instant case is indistinguishable from the *American Viking Corp.* case.

For the reasons stated in the cited case, the protest herein is dismissed. Judgment will be rendered accordingly.